UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

NORTH JERSEY MEDIA GROUP INC.,

     Plaintiff,

v.

DEPOSITPHOTOS, INC. d/b/a
DEPOSITPHOTOS.COM,

     Defendant.

Docket No. 12-CV-04785-JGK

## ANSWER, VERIFIED COUNTERCLAIM, AND JURY DEMAND

For its Answer in this matter, Defendant DepositPhotos, Inc., d/b/a DepositPhotos.com ("DepositPhotos") states as follows:

### NATURE OF THE ACTION

1.     This paragraph contains a conclusion of law to which no response is required. To the extent that a response is required, DepositPhotos denies the allegations of this paragraph. In further answering, DepositPhotos specifically denies that Plaintiff North Jersey Media Group Inc. ("NJMG") holds the copyright to either the photograph in question ("Flag Raising Photograph") or the stamp ("Flag Raising Stamp") created by the United States Postal Service ("USPS").

### JURISDICTION AND VENUE

2.     Denied. In further answering, DepositPhotos states that the Plaintiff has failed to allege any infringement or predicate acts by DepositPhotos which took place within the United States.

3.     Admitted.

4.      Admitted.

## PARTIES

5.      DepositPhotos is without sufficient knowledge to admit or deny the factual assertions of this paragraph and, as such, denies the same.

6.      DepositPhotos admits that it is a Florida corporation, licensed to conduct business in New York.  DepositPhotos denies the remaining allegations of this paragraph.

## FACTS

7.      DepositPhotos is without sufficient knowledge to admit or deny the factual assertions of this paragraph and, as such, denies the same.  In further answering, DepositPhotos is aware that, in similar litigations, evidence has been presented from which it might be concluded that the photographer, Thomas E. Franklin was not an employee of NJMG at the time the photograph was taken, but rather an independent contractor.  DepositPhotos is also aware that the photograph has appeared with a copyright notice identifying Thomas E. Franklin as the copyright holder.  Finally, DepositPhotos is aware that, to the extent NJMG holds protectable interests in the photograph, it has assigned some or all of such rights to the USPS.

8.      DepositPhotos states that it is without sufficient knowledge to admit or deny the factual assertions of this paragraph and, as such, denies the same.

9.      DepositPhotos denies the allegations of this paragraph as written.  In further answering, DepositPhotos states that two of its users uploaded copies of pictures which they had taken of the Flag Raising Stamp to the www.DepositPhotos.com website.  Each of the two users had agreed to DepositPhotos' Terms of Service ("TOS") which required them to affirm that they were the owners of the rights to the materials which they uploaded to the site.  DepositPhotos

states further that one user, other than NJMG, licensed a copy of the photograph of the Flag

Raising Stamp.

10.     DepositPhotos denies the allegations of this paragraph as written.  In further

answering, DepositPhotos states that two of its users uploaded copies of pictures which they had

taken of the Flag Raising Stamp to the www.DepositPhotos.com website.  Each of the two users

had agreed to DepositPhotos' Terms of Service ("TOS") which required them to affirm that they

were the owners of the rights to the materials which they uploaded to the site.  DepositPhotos

states further that one user, other than NJMG, licensed a copy of the photograph of the Flag

Raising Stamp.

**Count I – Copyright Infringement – 17 U.S.C. § 501**

11.     DepositPhotos reasserts and incorporates herein its answers to the allegations

contained in the foregoing paragraphs.

12.     DepositPhotos is without sufficient knowledge to admit or deny the allegations of

this paragraph and, as such, it denies the same.  In further answering, DepositPhotos states that,

to the extent that NJMG ever had any rights to the Flag Raising Photograph, NJMG has assigned

some or all such rights to the Flag Raising Photograph to the USPS.

13.     DepositPhotos is without sufficient knowledge to admit or deny the allegations of

this paragraph and, as such, it denies the same.

14.     This paragraph states a conclusion of law for which no response is required.  To

the extent a response is required, DepositPhotos denies the allegations of this paragraph.  In

further answering, DepositPhotos states that it is entitled to safe harbor under the Digital

Millennium Copyright Act ("DMCA").  Specifically, DepositPhotos is a "service provider," as

that term is defined by the DMCA; it has adopted and reasonably implemented a policy for the

3

termination of repeat infringers; it does not interfere with standard technical measures used by rights-holders to identify and protect copyrighted works; and it maintains a designated agent for the receipt of claims of copyright infringement. A true and accurate copy of DepositPhotos' Designation of Agent to Receive Notice of Claimed Infringement is attached hereto as Exhibit 1. DepositPhotos also states that, as a matter of law, it engaged in no volitional conduct alleged in the Complaint.

15.     Denied. In further answering, DepositPhotos states that, despite NJMG's failure to send a DMCA takedown notice, DepositPhotos responded to NJMG's demand letter as if it were a takedown notice, removing the photographs in question once receiving notice from NJMG of their potentially infringing nature. DepositPhotos states further that, even if NJMG had suffered any injury in fact, which DepositPhotos denies, such injury would be easily calculable and not irreparable in any way. DepositPhotos states further that NJMG has available to it adequate remedies at law if DepositPhotos were found to be liable for infringement.

16.     Denied.

17.     Denied.

## GENERAL DENIAL

Each and every allegation of the Complaint not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Plaintiff's Complaint must be dismissed because the Court lacks subject matter jurisdiction.

### Third Affirmative Defense

The Plaintiff's Complaint fails, in whole or in part, because DepositPhotos lacks the necessary volition required to state a claim for copyright infringement.

### Fourth Affirmative Defense

The Plaintiff's Complaint fails, in whole or in part, because DepositPhotos is entitled to safe harbor under the DMCA

### Fifth Affirmative Defense

The Plaintiff's Complaint fails, in whole or in part, because the Plaintiff is not the copyright holder.

### Sixth Affirmative Defense

The Plaintiff's Complaint fails, in whole or in part, because the Plaintiff lacks standing to bring the present action.

### Seventh Affirmative Defense

The Plaintiff's Complaint fails, in whole or in part, because the Plaintiff assigned the right to produce copies of the photograph to the USPS.

### Eighth Affirmative Defense

The Plaintiff's Complaint fails, in whole or in part, because the alleged infringement was not of the Plaintiff's work, but rather of a derivative work created under a license granted by the Plaintiff.

### Ninth Affirmative Defense

The Plaintiff's Complaint is barred, in whole or in part, because any damages suffered by the Plaintiff were not the proximate result of DepositPhotos's actions or omissions.

## Tenth Affirmative Defense

The Plaintiff's Complaint is barred, in whole or in part, because of unclean hands.

## Eleventh Affirmative Defense

The Plaintiff's Complaint is barred, in whole or in part, because any infringement on Defendant's part – which Defendant, in any event, denies – was innocent.

## Twelfth Affirmative Defense

Plaintiff is not entitled to injunctive relief because it has not established irreparable harm.

## Thirteenth Affirmative Defense

DepositPhotos reserves the right to amend its Answer to add such other and further defenses and counterclaims as become apparent during the course of discovery in this action.

## **VERIFIED COUNTERCLAIMS**

For its Counterclaims in this matter, DepositPhotos states as follows:

### **Jurisdiction and Venue**

1.      Pursuant to 28 U.S.C. §§ 2201 and 2202, DepositPhotos seeks a declaration and a judgment regarding its rights and obligations in an actual controversy within this Court's jurisdiction concerning DepositPhotos' operation of an Internet website in relation to certain copyrights allegedly owned by NJMG.

6

2.      Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving

this Court original jurisdiction in civil actions raising a federal question, and pursuant to 17

U.S.C. §§ 101 *et seq* (the "Copyright Act").

3.      This Court has personal jurisdiction over NJMG because NJMG has sufficient

contacts with the State of New York and this judicial district, subjecting it to the general and

specific jurisdiction of this Court.  NJMG has purposefully availed itself of this forum through

general business presence and by making demands upon DepositPhotos.  Moreover, NJMG

consented to the personal jurisdiction of this Court when it filed its Complaint in this action.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Court has

personal jurisdiction over NJMG and because a substantial part of the events or omissions giving

rise to this Counterclaim occurred in this judicial district.  Moreover, venue is proper in this

Court because NJMG consented to this venue when it filed its Complaint in this action.

### Facts

The DepositPhotos Website

5.      DepositPhotos operates a website at www.DepositPhotos.com (the

"DepositPhotos Website"), which allows users to upload their original artwork, photographs, and

videos to the website to be made available for licensing by DepositPhotos's members.

6.      DepositPhotos hosts more than 25 million files which have been uploaded to the

DepositPhotos Website by its users.

7.      Pursuant to DepositPhotos's Membership Agreement, DepositPhotos only accepts

for upload files which do not improperly contain the intellectual property belonging to anyone

other than the person uploading the file.  A true and accurate copy of DepositPhotos's

explanation (for the DepositPhotos Website) of what files may be uploaded is attached hereto as Exhibit 2.

8.      In addition, DepositPhotos's Supply Agreement, which governs the requirement between those individuals uploading files to the DepositPhotos Website and DepositPhotos, requires the uploader to affirm that he or she owns the intellectual property rights to upload the file to the DepositPhotos Website.  A true and accurate copy of DepositPhotos's Supply Agreement is attached hereto as Exhibit 3.  That Agreement specifically states, among other things, that "Contributor agrees that Depositphotos forbids Uploading any Files or descriptive information in violation of a copyright, patent, trademark, right to property or any other similar and applicable law or proprietary right."

9.      Users who supply files to the DepositPhotos Website are required, at the time of initial registration, to provide copies of their government issued identification documents (such as passports).

10.     When users upload individual files, they are again required to affirm that they are the proper copyright holders for the content of the file being uploaded.

DMCA Compliance

11.     DepositPhotos and the DepositPhotos Website maintain a designated agent for the receipt of claims of infringement, pursuant to the legal requirements of the DMCA.  At all relevant times, DepositPhotos had and maintained a DMCA designated agent.  Information concerning DepositPhotos's DMCA agent is available both from the U.S. Copyright Office and from the DepositPhotos Website.  A true and accurate copy of the DepositPhotos DMCA policy is attached hereto as Exhibit 4.   A true and accurate copy of DepositPhotos' Designation of Agent to Receive Notice of Claimed Infringement is attached hereto as Exhibit 1.

12.     DepositPhotos has implemented a reasonable policy to address repeat infringers. Specifically, DepositPhotos has a policy of terminating the accounts of any user who uploads three infringing files in any twelve (12) month period.

13.     DepositPhotos does not interfere with standard technical measures used by rights-holders to identify and protect copyrighted works.

14.     Users, of their own accord, select the files that they wish to upload to the DepositPhotos Website.

15.     Other users decide, of their own accord, which files they wish to download.

16.     DepositPhotos does not itself upload or download the files available on the DepositPhotos Website.

17.     The files available on the DepositPhotos Website are stored there solely at the directions of its users.

18.     Because of DepositPhotos' legitimate business model, DepositPhotos receives very few complaints about the files uploaded by its users onto the DepositPhotos Website.  Over the past five years, DepositPhotos has received no more than 20 complaints within a single year, and less than 10 complaints in the past 12 months.  In each case, DepositPhotos works expeditiously to resolve the disputes by removing the complained of materials.

The Allegedly Infringing Files

19.     Files depicting the Flag Raising Stamp were uploaded to the Depositphotos.com Website by two different users.  One of those users is a resident of Spain and the other is a resident of Germany.

20.     DepositPhotos uses an automated system to make these images uploaded by its users available to other users to download.

21.     The files were made available for licensing on the DepositPhotos website for editorial purposes only.

22.     Those files depicting the Flag Raising Stamp were only downloaded by two users – one of which was an agent of the Plaintiff, NJMG.

23.     The other user who downloaded one of the images depicting the Flag Raising Stamp, prior to it being removed by DepositPhotos, was a user located in Italy.

24.     DepositPhotos received a grant total revenue of less than $2.50 cents from these transactions (including the purchases by NJMG) – with approximately $2.13 of that amount coming from the purchase by NJMG and approximately 30 cents coming from the purchase by the Italian user.

25.     DepositPhotos was unaware that the images of the Flag Raising Stamp uploaded to the DepositPhotos Website by its users was infringing until it received a notification from NJMG in the end of April of 2014.  A copy of that notification is attached hereto as Exhibit 5.

26.     DepositPhotos then expeditiously disabled access to the allegedly infringing images of the Flag Raising Stamp on May 5, 2014.

27.     NJMG filed suit against DepositPhotos arising from the Flag Raising Stamp images on the DepositPhotos Website.

28.     Based on the foregoing, an actual, substantial and immediate controversy exists, justifying the declaratory relief that DepositPhotos seeks.

**Count I – For Declaratory Relief**

**That The Alleged Acts of Infringement Are Extraterritorial**

29.     DepositPhotos repeats, re-alleges and incorporates each and every allegation listed in the preceding paragraphs.

30.     The allegedly infringing images of the Flag Raising Stamp on the DepositPhotos Website were uploaded by users residing in Spain and Germany.

31.     Except for the downloads by NJMG itself, the only download of the Flag Raising Stamp from the DepositPhotos Website was from a user residing in Italy.

32.     NJMG has alleged that the uploading and downloading of the images of the Flag Raising Stamp by these users constitutes infringement under the Copyright Act.

33.     DepositPhotos denies these allegations.

34.     Absent a resolution of this matter, DepositPhotos will be uncertain as to whether it is liable under the Copyright Act.

35.     DepositPhotos has no other prompt and expeditious remedy to protect its interests and to prevent it from irreparable harm.

36.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that DepositPhotos may determine its rights and duties under the Copyright Act or other applicable law and facts of this case.

## Count II – For Declaratory Relief

### That The Alleged Acts of Infringement By DepositPhotos Was Not Volitional

37.     DepositPhotos repeats, re-alleges and incorporates each and every allegation listed in the preceding paragraphs.

38.     The allegedly infringing images of the Flag Raising Stamp were uploaded and downloaded by users of the DepositPhotos Website – not by DepositPhotos itself.

39.     The allegedly infringing images of the Flag Raising Stamp were stored on the DepositPhotos Website at the direction of the users who uploaded the images – not by DepositPhotos.

40.     DepositPhotos uses an automated system to make these images uploaded by its users available to other users to download.

41.     NJMG has alleged that DepositPhotos is directly liable for the allegedly infringing acts of the users that uploaded the images, stating that DepositPhotos has willfully infringed NJMG's copyright.

42.     DepositPhotos denies these allegations, including specifically that DepositPhotos volitionally engaged in any infringement.

43.     Absent a resolution of this matter, DepositPhotos will be uncertain as to whether it is liable under the Copyright Act.

44.     DepositPhotos has no other prompt and expeditious remedy to protect its interests and to prevent it from irreparable harm.

45.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that DepositPhotos may determine its rights and duties under the Copyright Act or other applicable law and facts of this case.

## Count III – For Declaratory Relief

## That DepositPhotos Is Entitled To The DMCA Safe-Harbor

46.     DepositPhotos repeats, re-alleges and incorporates each and every allegation listed in the preceding paragraphs.

47.     DepositPhotos is a service provider as defined by 17 U.S.C. § 512.

48.     DepositPhotos has adopted and reasonable implemented a policy for the termination in appropriate circumstances of users who are repeat infringers on the DepositPhotos Website.

49.     DepositPhotos does not interfere with standard technical measures used by copyright owners to identify or protect copyrighted works.

50.     DepositPhotos lacked actual or constructive knowledge of the allegedly infringing images of the Flag Raising Stamp on the DepositPhotos Website until it received notification from NJMG.

51.     Once DepositPhotos received the notification from NJMG, it acted expeditiously to disable access to the images of the Flag Raising Stamp.

52.     DepositPhotos maintains a designated agent for the receipt of notices of claimed infringement, making the contact information for such agent available both on the DepositPhotos Website and through the United States Copyright Office.

53.     Despite the foregoing, and the protections accorded to service providers like DepositPhotos pursuant to 17 U.S.C. § 512, NJMG has alleged that DepositPhotos is liable for the allegedly infringing acts of the users that uploaded the images of the Flag Raising Stamp.

54.     DepositPhotos denies these allegations, including on the basis that it is protected by the safe harbors of 17 U.S.C. § 512(c).

55.     Absent a resolution of this matter, DepositPhotos will be uncertain as to whether it is liable under the Copyright Act.

56.     DepositPhotos has no other prompt and expeditious remedy to protect its interests and to prevent it from irreparable harm.

57.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that DepositPhotos may determine its rights and duties under the Copyright Act or other applicable law and facts of this case.

**JURY DEMAND**

DepositPhotos demands a trial by jury on all claims so triable.

## REQUESTED RELIEF

WHEREFORE, DepositPhotos prays that this Court:

A.    Enter judgment that NJMG take nothing by its Complaint;

B.    Enter judgment for DepositPhotos on all Counts of NJMG's Complaint and all Counts of DepositPhotos' Counterclaim;

C.    Enter a declaration that the acts alleged by NJMG to be infringing were performed extra-territorially from the United States;

D.    Enter a declaration that DepositPhotos did not act volitionally in relation to the allegedly infringing images of the Flag Raising Stamp made available on the DepositPhotos Website;

E.    Enter a declaration that DepositPhotos is entitled to the safe-harbor pursuant to 17 U.S.C. § 512(c);

F.    Award such other and further relief, whether legal or equitable, as the Court may deem just and proper.

Dated: August 12, 2014                    Respectfully submitted,

DepositPhotos, Inc., d/b/a DepositPhotos.com,

By its attorneys,

/s/ Martin F. Gusy (MG2504)
Martin F. Gusy, Esq.
Matthew J. Weldon, Esq.
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
mgusy@cozen.com
(212) 883-4900

14

/s/ Evan Fray-Witzer

Evan Fray Witzer (*pro hac vice pending*)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel:     (617) 426-0000
Fax:     (617) 507-8043
Evan@CFWLegal.com


/s/ Matthew Shayefar

Matthew Shayefar (*pro hac vice pending*)
Valentin Gurvits (*pro hac vice pending*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:     (617) 928-1800
Fax:     (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

15

## Verification

I, Elena Flanagan-Eister, CEO for the Defendant/Counter-Plaintiff DepositPhotos, Inc. in the above captioned action, hereby state on behalf of DepositPhotos, Inc.: I have read the foregoing Counterclaim, which I declare to be true and correct to the best of my knowledge, information and belief.

SWORN UNDER THE PAINS AND PENALTIES OF PERJURY UNDER THE LAWS OF THE STATE OF NEW YORK AND THE UNITED STATES.

Executed on August 12, 2014 in New York, New York.

_____
Elena Flanagan-Eister, CEO
DepositPhotos, Inc.